CALOGERO, J.,
dissenting from denial of writ of habeas corpus.
When this Court reviewed defendant Tyler’s conviction on appeal, we considered the possible error in the jury charge concerning presumptions. I expressed my view in a concurring opinion that I was inclined to agree with defendant that the jury charge he complained of was erroneous, but I joined the majority in affirming the conviction on appeal because of our long standing contemporaneous objection rule. 342 So.2d 574, 589 (La.1977). Defense counsel had not objected to the charge, a failure which denied the trial judge an opportunity to correct it. There was no constitutional issue involved on this point on appeal.
In the application for writ of habeas corpus now before us, defendant Tyler argues that federal and state constitutional due process was violated because of that same fundamentally unfair jury charge in contravention of the hallmark presumption of innocence. Considering this constitutional issue for the first time in this case, and noting that constitutional infirmities complained of on habeas application are reviewable without the prerequisite of a contemporaneous objection, I would find the application meritorious and grant the writ.
As I noted in my concurring opinion, because defendant was only sixteen years old at the time of the charged crime and therefore subject to being prosecuted in the district court rather than juvenile court only for capital crimes, he was charged with first rather than, more appropriately, second degree murder. The. first degree murder charge required the state, in order to gain a conviction under the circumstances of the case, to prove beyond a reasonable doubt that Tyler had the specific intent to kill or to inflict great bodily harm upon more than one person, although only one shot had been fired from a fully loaded pistol. In order to attempt to meet its burden, the state repeatedly emphasized to the jury and successfully requested a special jury instruction that a person is presumed to intend the natural and probable consequences of his act.
Thus the jury which must presume innocence at the outset and throughout the proceedings was told in the context of the argument and charge that they were required and bound by a presumption relative *1051 to the central issue in the case, defendant’s intention when he fired the single pistol shot. In effect, then, the jury, whose function it was to determine beyond a reasonable doubt that defendant specifically intended to kill or do great bodily harm to more than one person, when he fired one shot, was being told that they should apply a presumption, obviating further proof of this element by the state and transferring the burden of going forward with contrary proof of the lack of specific intent to the defendant. This transfer of the burden of going forward was, I believe, a prejudicial and unconstitutional violation of defendant’s right to be presumed innocent, and of his right to be tried under the standard of due process. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); State v. Searle, 339 So.2d 1194 (La.1976).
I believe, in fact, that this Court agrees that the judge’s charge to the jury on the subject of the presumption was erroneous. Only the dissenter, however, feels that defendant was thereby unduly prejudiced, and for that reason entitled to issuance of this writ.